

**FILED**
**OCT 24 2012**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ALLEN ANDREW, JAMES P. APLINGTON, JACK C. DIXON, ESTATE OF BENJAMIN F. FORTUNE, KENNETH W. FRASER, JR., LOUIS P. GODWIN, N. CLAYTON LEE, ALBERT S. LINEBERRY, ESTATE OF FRED L. PROCTOR, SAMUEL A. SUE, JR., PORTER B. THOMPSON, KENNETH E. TUTTEROW, ESTATE OF O. FRANK YORK, AND COMMUNITY FOUNDATION OF GREATER GREENSBORO, INC., PO Box 26000 (27420) 230 N. Elm Street, Suite 2000 Greensboro, NC 27401<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, PO Box 227, Ben Franklin Station (20044) 555 4th Street NW Washington, DC 20001<br><br>Defendant. | Case: 1:12-mc-00561<br>Assigned To : Boasberg, James E.<br>Assign. Date : 10/24/2012<br>Description: Miscellaneous<br><br>Related to: 10-cv-90 (M.D.N.C.) |

## UNITED STATES OF AMERICA'S MOTION TO COMPEL LARRY J. AUSTIN TO APPEAR FOR A DEPOSITION

Pursuant to Federal Rule of Civil Procedure 45, the United States moves this Court to compel third-party Larry J. Austin to attend his duly noted deposition. The reasons for granting the motion are stated in the accompanying memorandum of law. Pursuant to LcvR 7(m), undersigned counsel made multiple good faith efforts to confer with Mr. Austin by telephone and e-mail concerning the relief sought in this motion,

**RECEIVED**
OCT 24 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

9139079.1

but Mr. Austin has not responded. Therefore, it is presumed that Mr. Austin opposes the motion.

DATE: October 23, 2012.

        Respectfully submitted,

        RONALD MACHEN
        United States Attorney

        KATHRYN KENEALLY
        Assistant Attorney General
        Tax Division
        U.S. Department of Justice

        /s/ Thomas J. Jaworski
        THOMAS J. JAWORSKI
        BRITTNEY N. CAMPBELL
        Trial Attorneys, Tax Division
        U.S. Department of Justice
        P.O. Box 227
        Washington, DC 20044
        Telephone: (202) 307-6390/353-2260
        Facsimile: (202) 514-6866
        Thomas.J.Jaworski@usdoj.gov
        Brittney.N.Campbell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ALLEN ANDREW, et. al., ) | |
| ) | Misc. No. 12: mc: ___ |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-90 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2012, the foregoing UNITED STATES OF AMERICA'S MOTION TO COMPEL LARRY J. AUSTIN TO APPEAR FOR A DEPOSITION and proposed ORDER were electronically filed with the Clerk of Court using the CM/ECF system. Counsel for the United States simultaneously served a copy of this filing by First Class and Electronic Mail as follows:

Howard Williams, Esq.  
P.O. Box 26000 (27420)  
230 N. Elm Street, Suite 2000  
Greensboro, NC 27401  
hwilliams@brookspierce.com

Larry J. Austin  
8901 Valley Forge Drive  
Alexandria, VA 22309  
starnomad@gmail.com

/s/ Thomas J. Jaworski  
THOMAS J. JAWORSKI

3

9139079.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ALLEN ANDREW, JAMES P. APLINGTON, JACK C. DIXON, ESTATE OF BENJAMIN F. FORTUNE, KENNETH W. FRASER, JR., LOUIS P. GODWIN, N. CLAYTON LEE, ALBERT S. LINEBERRY, ESTATE OF FRED L. PROCTOR, SAMUEL A. SUE, JR., PORTER B. THOMPSON, KENNETH E. TUTTEROW, ESTATE OF O. FRANK YORK, AND COMMUNITY FOUNDATION OF GREATER GREENSBORO, INC., PO Box 26000 (27420) 230 N. Elm Street, Suite 2000 Greensboro, NC 27401<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, PO Box 227, Ben Franklin Station (20044) 555 4th Street NW Washington, DC 20001<br><br>Defendant. | Misc. No. 12: mc: ___<br><br>Related to: 10-cv-90 (M.D.N.C.) |

**MEMORANDUM IN SUPPORT OF UNITED STATES OF AMERICA'S MOTION TO COMPEL LARRY J. AUSTIN TO APPEAR FOR A DEPOSITION**

Background

This case concerns the United States' efforts to collect an unpaid corporate tax liability from the former shareholders of GNC Investors Club, Inc. (GNC) under the federal transferee statute, 26 U.S.C. § 6901. GNC was an investment club incorporated in 1957. This plaintiffs are all former shareholders or successors in interest to former

9141100.1

shareholders of GNC. It is the United States position that, during the year 2000, the GNC shareholders entered into an intermediary tax shelter transaction in order to avoid paying GNC's $1,158,132 corporate tax liability which, to date, remains unpaid. The plaintiffs, however, argue that they sold the GNC stock to an entity known as Battery Street, Inc. and that Battery Street represented to GNC that Battery Street would pay GNC's corporate tax liability.

The government seeks Mr. Austin's testimony because the former GNC shareholders and their lawyers have claimed that they have no knowledge of Battery Street's alleged plans to render GNC insolvent, to not to pay the corporate tax owed by GNC, and to abscond with GNC's cash. Larry J. Austin was the President of Battery Street, the entity that purchased GNC's stock, and later became the President of GNC. Mr. Austin's testimony is relevant because, as Battery Street and GNC's President, he has first-hand knowledge of the transaction at issue in this case. Further, upon information and belief, Mr. Austin has been involved in similar transactions where a buyer borrows the funds to purchase a corporation's stock which corporation owes the IRS a significant corporate tax liability, paying more for the stock than the corporation is worth, then uses the corporation's cash to repay the loan within 24 hours, thus rendering the corporation insolvent and unable to pay its corporate tax liability. The third-party corporations controlled by Mr. Austin then absconds with any of the acquired corporation's remaining cash.

On September 12, 2012, Mr. Austin was personally served with a subpoena

compelling his attendance at a deposition. (Ex. 1.) On September 28, 2012, Mr. Austin provided the United States with 5 to 6 month old medical records in which Mr. Austin claims 3 physicians advise against him attending a deposition.[1] In a October 3, 2012 conference call between undersigned counsel, Department of Justice Trial Attorney Lawrence Blaskopf, and Mr. Austin, the government's attorneys advised Mr. Austin that the United States would agree to limit the duration of the deposition and even offered to come to Mr. Austin's home, his place of business, or to a mutually convenient location. Mr. Austin still refused to agree to appear and advised the government attorneys that he would speak with his physicians and "call back." Mr. Austin never "called back" and he failed to appear for his October 4, 2012 deposition. Mr. Austin has not responded to undersigned counsel's subsequent telephone messages, leaving the government no choice but file the within motion.

## Argument

### The Court Should Enforce the Government's Subpoena.

Federal Rule of Civil Procedure 45 authorizes a Court to enforce a third-party subpoena. When served with a subpoena, a third party must either fully comply with the subpoena or raise objections. See Fed. R. Civ. p. 45(c)(3). Here, Mr. Austin did not move to quash the subpoena. Instead, after sending stale medical records to undersigned counsel, he simply ignored the subpoena. During the October 3, 2012

---

[1] Because of privacy concerns, the United States did not attach these records to the within motion, but will provide the records to Court for *in camera* review on request.

conference call, Mr. Austin asserted that he was unhealthy, destitute, and otherwise pre-occupied with other pending litigation involving his own tax liabilities. These excuses are simply not sufficient given that the United States has offered to limit the duration of the deposition and even offered to come to Mr. Austin's home, his place of business, or to a mutually convenient location. Mr. Austin still refused to comply with the subpoena. Given that (1) the within matter concerns GNC's unpaid corporate tax liability, (2) Mr. Austin was President of both Battery Street and, eventually, GNC, and (3) Mr. Austin played a central role in promoting this tax shelter transaction, his testimony is relevant to the within matter and his failure and refusal to comply should not be excused.

DATE: October 23, 2012.

    Respectfully submitted,
    RONALD MACHEN
    United States Attorney

    KATHRYN KENEALLY
    Assistant Attorney General
    Tax Division
    U.S. Department of Justice

    /s/ Thomas J. Jaworski
    THOMAS J. JAWORSKI
    BRITTNEY N. CAMPBELL
    Trial Attorneys, Tax Division
    U.S. Department of Justice
    P.O. Box 227
    Washington, DC 20044
    Telephone: (202) 307-6390/353-2260
    Facsimile: (202) 514-6866
    Thomas.J.Jaworski@usdoj.gov
    Brittney.N.Campbell@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HERBERT ALLEN ANDREW, et. al., ) | |
| ) | Misc. No. 12:mc: ___ |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:10-cv-90 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2012, the foregoing MEMORANDUM OF LAW IN SUPPORT OF UNITED STATES' S MOTION TO COMPEL LARRY J. AUSTIN TO APPEAR FOR A DEPOSITION was electronically filed with the Clerk of Court using the CM/ECF system. Counsel for the United States simultaneously served a copy of this filing by First Class and Electronic Mail as follows:

Howard Williams, Esq.
P.O. Box 26000 (27420)
230 N. Elm Street, Suite 2000
Greensboro, NC 27401
hwilliams@brookspierce.com

Larry J. Austin
8901 Valley Forge Drive
Alexandria, VA 22309
starnomad@gmail.com

/s/Thomas J. Jaworski
THOMAS J. JAWORSKI